# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| STEVEN DALESSIO, | : | |
|     Plaintiff, | : | No. 3:17-cv-1401 (SRU) |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRISTOL, | : | |
|     Defendant. | : | |
| | : | |

## INITIAL REVIEW ORDER

Steven Dalessio ("Dalessio"), currently confined at Brooklyn Correctional Institution in Brooklyn, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 asserting claims for false arrest and conspiracy to effect his arrest. The only defendant is the City of Bristol. Dalessio's complaint was received on August 17, 2017, and his motion to proceed *in forma pauperis* was granted on August 22, 2017.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it

is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On October 29, 2015,[1] Dalessio was removed from his home in East Hampton, Connecticut, and held on "warrants based out of Bristol, CT." Compl., Doc. No. 1 at 2. No police officer from East Hampton or Bristol told Dalessio why he was being arrested or informed him of his rights. He later was forced to sign an electronic waiver of rights form.

Dalessio believes that his ex-wife, Sarita Gordillo ("Gordillo") coached Dalessio's biological daughter to say that Dalessio touched her in a sexual manner and that she did not want to go with Dalessio on court-ordered visits. Dalessio also believes that detective John or Jane Doe conspired with Gordillo and Dalessio's step-daughter to effect his arrest because the detective prepared a secondary case with the step-daughter as the victim. Dalessio contends that the offense date for the secondary case was beyond the limitations period.

The interview with Dalessio's daughter, conducted by the detective and a child psychiatrist, was interrupted several times. Dalessio believes that the interruptions were made to plot against him. Dalessio's daughter was brought to the hospital to have a rape kit processed.

---

[1] Dalessio does not indicate in the complaint the year in which he was arrested. The Department of Correction website shows that Dalessio was last admitted to the custody of the Department of Correction on November 2, 2015. Thus, the Court assumed he was arrested in October 2015. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=284034 (last visited Jan. 10, 2018).

The tests were negative.

Gordillo has a history of making false allegations against Dalessio that started after Dalessio's separation from her. The detective would have discovered this pattern if he or she had read the divorce hearing transcripts.

II. Analysis

Dalessio alleges that his Fourth, Fifth and Eighth Amendment rights were violated when he was falsely arrested and incarcerated. False arrest claims are brought under the Fourth Amendment. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). The Eighth Amendment affords protection to persons already convicted of crimes. *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Although Dalessio is now incarcerated, this claim arose in connection with his arrest. The Eighth Amendment affords him no relief.

The court assumes that Dalessio references the Fifth Amendment because he alleges that he did not voluntarily waive his rights. A claim for violation of rights guaranteed under *Miranda v. Arizona*, 384 U.S. 436 (1966), is not cognizable under section 1983. *See Lewis v. City of Schenectady Police Dep't,* 2014 WL 3548828, at *2 (N.D.N.Y. July 17, 2014) (citing *Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995)). *Miranda* warnings are not, in and of themselves, a constitutional right. Failure to issue the warnings before questioning a suspect is enforced by suppression in the criminal case of any statements and evidence gathered in violation of the warning requirements, not by a separate civil rights action. *See O'Hagan v. Soto*, 523 F. Supp. 625, 629 (S.D.N.Y. 1981). Any Fifth Amendment claim is dismissed with prejudice.

Although he describes police chief Doe, detective Doe, the City of Bristol, psychiatrist Doe, Gordillo and his step-daughter as defendants in the body of the complaint, Dalessio names

3

only the City of Bristol in the case caption. Federal Rule of Civil Procedure 10(a) requires that all parties be included in the caption of the complaint. Thus, the City of Bristol is the only defendant in this case.

Dalessio asserts a claim against the City of Bristol pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, a municipality may be liable in a section 1983 action for the unconstitutional acts of municipal employees if the plaintiff can show that an official policy or custom caused him to be subjected to the denial of a constitutional right. *Id.* at 691. Thus, before a municipality can be held liable under *Monell*, there must be an underlying constitutional violation. *Bryant v. Ward*, 2011 WL 2896015, at *10 (D. Conn. July 18, 2011) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). Here, to state a cognizable claim against the City of Bristol, Dalessio must allege facts supporting a claim for false arrest or imprisonment.

Section 1983 claims for false arrest are essentially the same as false arrest claims made under state law. *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). Thus, when reviewing a section 1983 claim for false arrest, the court looks to state law. *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). Dalessio must satisfy the state law elements of the claim and show that the defendant's actions resulted in an "unreasonable deprivation of liberty in violation of the Fourth Amendment." *Arnold v. Geary*, 582 F. App'x 42, 43 (2d Cir. 2014) (citations omitted).

Under Connecticut law, "'[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (quoting *Outlaw v. City of Meriden*, 682 A.2d 1112, 1115 (Conn. App. 1996)), *cert. denied*, 522 U.S. 818 (2007). To state a claim for false arrest, Dalessio must allege that the

4

prosecution terminated in his favor. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (holding that district court did not err in granting summary judgment of false arrest claims because "the Court [has] expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)).

Dalessio does not allege that the charges were terminated in his favor. His address on the complaint shows that he currently is incarcerated. The Department of Correction website indicates that, on October 28, 2016, he was sentenced to a four-year term of imprisonment with the controlling offense of risk of injury to a minor. [www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=284034](www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=284034) (last visited Jan. 10, 2018). Because he fails to satisfy the favorable termination requirement, Dalessio fails to state a cognizable claim for false arrest or false imprisonment.

Even if Dalessio had properly included all of the persons referenced in the body of the complaint, the result would not change. The false arrest claim would be dismissed against the police chief and detective for the reasons stated above. The only other claim included in the complaint relates to Dalessio's allegation that Gordillo and his step-daughter conspired with the detective, and also that the detective and psychiatrist conspired together, to effect his arrest. Before he can state a claim for conspiracy, however, Dalessio must state a cause of action for the claim underlying the conspiracy. *See Filler v. Hanvit Bank*, 156 F. App'x 413, 418 (2d Cir. 2005) ("A claim of conspiracy cannot stand alone and must be dismissed if the underlying independent tort has not been adequately pleaded." (applying New York law)) (internal citation and quotation omitted); *Caro v. Fidelity Brokerage Servs.*, 2015 WL 1975463, at *35 (D. Conn.

Apr. 30, 2015) (dismissing conspiracy claim where underlying tort claim dismissed). Because the false arrest or false imprisonment claim has been dismissed, any conspiracy claims must necessarily be dismissed as well.

Dalessio also references several state constitutional provisions. Because all federal law claims have been dismissed, the court declines to exercise supplemental jurisdiction over Dalessio's state law claims. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims it should decline to exercise supplemental jurisdiction over supplemental state law claims).

## CONCLUSION

All federal law claims in the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Fifth and Eighth Amendment claims are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice.

The Clerk is directed to enter judgment and close this case.

Dalessio may file a motion to reopen judgment along with an amended complaint if he can allege facts demonstrating that any of the charges for which he was arrested terminated in his favor.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day February 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge